UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK                NOT FOR PUBLICATION

In re:

MADISON WILLIAMS and COMPANY, LLC,           Case No. 11-15896
                                             Chapter 7

                                  Debtor.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUBPOENAS**

*A P P E A R A N C E S:*

MORAN – KARAMOUZIS LLP
265 Sunrise Highway, Suite 61
Rockeville Centre, NY 11570
By:    Siobhan E. Moran, Esq.
       Andrew P. Karamouzis, Esq.
*Attorneys for KeyBanc Capital Markets, Inc. and Sylvia Barnes*

LAMONICA HERBST & MANISCALCO, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793
By:    Gary F. Herbst, Esq.
       Joseph S. Manicalco, Esq.
       Nicholas C. Rigano, Esq.
*Attorneys for Gregory Messer, as Chapter 7 Trustee*

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

KeyBanc Capital Markets, Inc. ("KeyBanc"), and Sylvia Barnes ("Barnes," and together with KeyBanc, the "Witnesses") move to quash non-party subpoenas (the "KeyBanc Subpoena" and the "Barnes Subpoena," collectively the "Subpoenas") served by Gregory Messer, the Chapter 7 Trustee ("Messer" or the "Trustee") of the estate of Madison Williams and Company, LLC ("Madison Williams" or the "Debtor") and further move for a protective order prohibiting the Trustee from enforcing the Subpoenas (the "Motion," ECF Doc. # 135-1). The Subpoenas seek documents and testimony from the Witnesses pursuant to FED. R. BANKR. P. 2004. Counsel

for the Trustee filed a response to the Motion (the "Response," ECF Doc. # 161). The Court heard argument on January 6, 2014.

The Motion to quash the Subpoenas is granted because the Subpoenas were improperly served pursuant to Federal Rule of Civil Procedure 45 since the Subpoenas were issued by the U.S. Bankruptcy Court for the Southern District of New York, and the Witnesses are both located in Houston, Texas. The Motion is denied, however, to the extent it seeks a protective order with respect to the scope of the discovery sought from the Witnesses as part of the Rule 2004 examination. The scope of the information sought is properly within the scope of permissible inquiry by the Chapter 7 Trustee in investigating the acts, conduct, or property of the Debtor. Therefore, while the Court will enter an order quashing the subpoena—and the court that issues any new subpoenas will have to consider any new motion to quash[1]—the Court denies the Motion insofar as it seeks a protective order concerning the scope of the requested examination. The scope of the Rule 2004 examination that the Trustee seeks to undertake is proper.

I. **BACKGROUND**

On December 29, 2011 (the "Petition Date"), the Debtor, a boutique integrated capital markets and investment banking firm, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Messer was appointed as the Chapter 7 Trustee. On November 14, 2013, Messer filed the *Application of the Chapter 7 Trustee Seeking Entry of an Order Pursuant to*

---

[1] FED. R. CIV. P. 45(c)(3)(B) provides that the "issuing court may, on motion, quash or modify the subpoena . . . ." Therefore, if new subpoenas are issued by a federal court in Houston, any new motion to quash must be filed there. The Witnesses raised (and the Court has resolved adversely to the Witnesses) the issues about the scope of the examination and confidentiality. Because the Witnesses may try to raise these issues again in any new motion to quash filed in Houston, the Court makes clear that the arguments were raised, fully considered and rejected by this Court.

2

*Rule 2004 of the Federal Rules of Bankruptcy Procedure, Directing the Production of Documents by, and the Examination of Sylvia Barnes, Keybanc Capital Markets Inc., Stryker Energy LLC, Bennett & Associates LLC, Linc Energy Operations, Inc., Rippy Interest LLC, the Genecov Group Inc., John D. Procter, Cabot Oil & Gas Corporation, Eland Oil & Gas Ltd., and Resaca Exploitation Inc.* (the "Application," ECF Doc. # 113). The Court granted the Application by Order on November 15, 2013 (the "Order," ECF Doc. # 119), and on November 19 the Trustee's counsel served the subpoenas on, among other parties, the Witnesses. The Subpoenas required the Witnesses to produce documents by November 29, 2013, and sit for a deposition on December 5, 2013.

Barnes is a former employee of Madison Williams. (Motion ¶ 1.) She served as a Managing Director of the Debtor before leaving in approximately October 2011. (*Id.*) Barnes is currently a Managing Director and head of the Oil and Gas group at KeyBanc, located in Houston, Texas. (*Id.*) She filed a proof of claim with the Trustee for sums she claims the Debtor owed her that remained unpaid as of the Petition Date. (*Id.*)

While Barnes was a Managing Director at Madison Williams and before she left to work as a Managing Director at KeyBanc, she orchestrated the closing of many deals as one of the Debtor's Senior Investment Bankers. (Application ¶ 7.) On the Petition Date, several deals Barnes supervised were outstanding and not finalized (the "Pending Deals.") (*Id.* ¶ 8.) The Trustee requested the Order and issued the Subpoenas to determine whether Barnes and/or KeyBanc may have been enriched upon the closing of some of these deals. (*Id.* ¶¶ 18, 27, 36, 45, 55, 64, 73.) Thus, the Trustee is clearly investigating whether Barnes or KeyBanc received money or property properly belonging to the estate.

KeyBanc and Barnes filed their Motion to quash on December 4, 2013 and an amended Motion to quash on December 9, 2013. (ECF Doc. ## 135, 136.) The Motion makes two arguments: (1) the Trustee's Subpoenas improperly seek documents maintained outside the court's jurisdiction and require non-party deposition testimony beyond the 100 mile limit in violation of FED. R. BANKR. P. 9016; and (2) the Trustee's Subpoenas should be quashed and the Court should enter a protective order because the requested discovery is impermissible under FED. R. BANKR. P. 2004. The Trustee's Response essentially concedes that the Subpoenas are procedurally defective; he proposes to have new subpoenas issued and served in Houston, if necessary, seeking the same examination of Barnes and KeyBanc authorized by this Court in the November 13, 2013 Order granting the Application.

## II. DISCUSSION

Under Rule 45(c)(3) of the Federal Rules of Civil Procedure, motions to quash or modify a subpoena are to be made in the district from which the subpoena issued. *See* FED. R. CIV. P. 45(c)(3); *see also* Wright, Miller & Kane, FED. PRACTICE AND PROCEDURE § 2463.1 (3d ed. 2005). Rule 45 applies in cases under the Bankruptcy Code. FED. R. BANKR. P. 9016. The issuing court "has the necessary jurisdiction over the party issuing the subpoena and the person served with it to enforce the subpoena." FED. PRACTICE AND PROCEDURE § 2463.1. Here, the issuing court is the United States Bankruptcy Court for the Southern District of New York. Accordingly, this Court is the proper court to hear the Motion.

### A. Non-Party Subpoena Procedural Deficiencies

The Witnesses argue that the Subpoenas do not comply with FED. R. BANKR. P. 9016 and FED. R. CIV. P. 45(c) because they are procedurally deficient. (Motion ¶ 5.) First, the Witnesses contend that the Subpoenas were improperly served. Rule 45(b)(2) requires service at any place:

4

>> (A) within the district of the issuing court;
>
> (B) outside that district but within 100 miles of the place specified for the deposition . . .;
>
> (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition . . .;
>
> (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

FED. R. CIV. P. 45(b)(2).

Because the Subpoenas were served on Barnes and KeyBanc in Houston, Texas, and do not specify a location for the deposition within 100 miles of this Court or otherwise qualify for a "good cause" exception under federal statute, the Subpoenas do not fall within Rule 45(b)(2)'s requirements, and service was improper.

Rule 45 provides that a Court must quash or modify a subpoena upon a motion when the subpoena "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person."[2] FED. R. CIV. P. 45(c)(3)(A)(ii). A subpoena issued under Rule 45(c)(1) may only command a person to attend a deposition if the deposition takes place (1) within 100 miles of where the person resides, is employed, or regularly transacts business in person, or (2) within the state where the person resides, is employed, or regularly transacts business in person, if the person is either a party or a party's officer or is commanded to attend a trial and would not incur substantial expense. FED. R. CIV. P. 45(c)(1). Consequently, the Subpoenas must be quashed.

---

[2]   There is an exception for trial attendance that is inapplicable here. *See* FED. R. CIV. P. 45(c)(3)(B)(iii).

**B. Purported Impermissible Scope of Examination**

The Witnesses also object to the Subpoenas to the extent that they are overly broad, "seek irrelevant evidence, subject the Witnesses to undue burden and expense, require the disclosure of trade secrets and other confidential business information, are improperly served and have been issued by the wrong Court." (Motion ¶ 10.) The Witnesses argue that a Rule 2004 examination may not be used to harass or to venture into irrelevant matters. (*Id.* ¶ 11.) Accordingly, the Witnesses ask the Court to grant a protective order prohibiting the Trustee from enforcing the Subpoenas.

*1. Analysis of the Scope of Examination*

Rule 2004 permits a very broad scope of examination (testimony and document production). "The examination of an entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(b); *see also Longo v. McLaren (In re McLaren)*, 158 B.R. 655, 657 (N.D. Ohio 1992) ("The purpose of a Rule 2004 examination is to allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate.") (citations omitted); *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991) (explaining that Rule 2004 allows a trustee in a Chapter 7 case to quickly discover crucial information regarding the debtor's estate). Rule 2004 is intended to permit the debtor and other estate fiduciaries and court-appointed officers, as needed, to determine the extent of the estate's assets and recover those assets for the benefit of creditors. *Drexel*, 123 B.R. at 708. The scope of a Rule 2004 examination is broader than discovery otherwise allowed under the Federal Rules of Civil Procedure, *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004), and may

6

include requests for production of documents. *In re FiberMark, Inc.*, 330 B.R. 480, 492 (Bankr. D. Vt. 2005). "The general rule is that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted." *In re Matter of Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) (further stating that the type of examination allowed under Rule 2004 is far more broad than otherwise allowed under the Federal Rules of Civil Procedure, and "can legitimately be in the nature of a 'fishing expedition.'").

In granting a Rule 2004 examination request, the bankruptcy court is required to make a finding of good cause for the examination. *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 268 (S.D.N.Y. 2004). Good cause is shown if the examination sought is "necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *Id.* (citations omitted); *see also In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998).

Good cause exists if,

> based upon information readily available to it from sources other than a Rule 2004 examination, a reasonable bankruptcy attorney could conclude that a Rule 2004 examination of the debtor might establish grounds for a challenge to the debtor's right to discharge. The sources of information readily available to the creditor may include the debtor's own records, a reasonable inquiry at the creditor's meeting, the bankruptcy court's files, and information gained through informal discovery.

*In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992).

The court must also weigh the relevance of the discovery against the burden it will impose on the producing party. *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); *see also In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) ("[T]he examination should not be so broad as to be more disruptive and costly to the [producing party] than beneficial to the [requesting party]."). Rule 2004 cannot be used for "purposes of abuse or

harassment" and it "cannot stray into matters which are not relevant to the basic inquiry." *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wisc. 1984).

The Witnesses contend that some of the categories of documents requested in the Subpoena relating to Barnes's employment with KeyBanc have nothing to do with the Debtor. (Motion ¶ 10). One of the Trustee's demands includes "documents, books and records, pertaining to Barnes's employment by, and/or management of, KeyBanc, including but not limited to, employment agreements, management agreements, profit sharing agreements, payroll documents, and evidence of compensation in any form and from any source during the Pertinent Period." (Order at 5.) This is the only specific request to which the Witnesses object, but the Motion seems to object to all requests in the Subpoenas as overly broad.

The Trustee's Application for Rule 2004 examination indicates that the requests seek to determine whether there are assets in the possession of third parties that should be turned over to the bankruptcy estate, specifically those related to deals that Barnes supervised as a Managing Director at Madison Williams that had not yet closed as of the Petition Date. (Application ¶¶ 7– 8, 77.) The Trustee believes that Barnes and/or KeyBanc may have been enriched upon the closing of some of these deals. (*Id.* ¶¶ 18, 27, 36, 45, 55, 64, 73.) And even if the unclosed deals did not follow Barnes to KeyBanc, she may have information that informs whether the Trustee has valid claims to assert against others with respect to those deals. The Trustee has clearly stated a proper basis for the examination. The Court concludes that the Trustee has established good cause to proceed with the examination, including production of the documents requested in the Subpoenas and examination of witnesses, if necessary.

*2. Undue Burden Analysis*

The Witnesses further contend that the Subpoenas should be quashed because they impose an undue burden. Rule 45 states that a court must quash or modify a subpoena that "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iii). Moreover, Rule 45(c)(1) states that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." FED. R. CIV. P. 45(c)(1). But the Witnesses offer little more than a ritual incantation that the Rule 2004 examination will impose undue burden. Here the Trustee has demonstrated appropriate reasons for examining Barnes and KeyBanc about transactions that the Debtor was engaged in handling before Barnes switched employment to KeyBanc and the Debtor filed its chapter 7 petition.

The Witnesses argue that the document requests are overly broad, but they have provided no reasons why compliance with the Subpoenas would constitute an undue burden. They have identified no particular need or harm they face by complying with the Subpoenas and thus cannot establish that an undue burden exists or that a protective order is necessary. This portion of the Motion reads like boilerplate. The Witnesses have failed to carry their burden with respect to their argument that the Subpoenas present an undue burden.

*3. Trade Secrets and Confidential Business Information Analysis*

The Witnesses include additional boilerplate objections in the Motion objecting to the Subpoenas to the extent that they require disclosure of trade secrets and other confidential business information. Rule 45(c)(3)(B)(i) permits but does not require a court to quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 45(c)(3)(B)(i). Here, the Trustee has

9

established the relevance of the documents he requested in the Application. But the Witnesses have not established that any of the requested documents would require them to disclose trade secrets or other confidential business information. The appropriate remedy in any event would be a confidentiality stipulation limiting use of the information provided absent further order of the Court. During argument of the Motion, the Trustee's counsel expressed willingness to enter into such a stipulation.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** the Motion in part and **DENIES** the Motion in part. The Court directs counsel promptly to confer in an effort to avoid any further unnecessary time or expense in dealing with this matter.

**IT IS SO ORDERED.**

Dated:   January 7, 2014
         New York, New York

_____*Martin Glenn*_____
MARTIN GLENN
United States Bankruptcy Judge